ACCEPTED
04-14-00620-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/1/2015 3:05:08 PM
KEITH HOTTLE
CLERK



James M. "Jamie" Parker, Jr.
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/1/2015 3:05:08 PM
KEITH E. HOTTLE
Clerk

Offices in:
Austin
Fort Worth
San Antonio
Waco

Board Certified –
Civil Appellate Law
Texas Board of Legal
Specialization

www.namanhowell.com

July 1, 2015

Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

Re:    Cause No. 04-1400620-CV; *Rosa Obregon Perez, et al. v. The Goodyear Tire & Rubber Company, et al.;* In the Court of Appeals for the Fourth District of Texas at San Antonio, Texas

To the Honorable Justices of the Court:

Pursuant to the Court's invitation at oral argument, Goodyear files this post-argument letter brief regarding the issues raised during oral argument and in the Perez letter brief.

### Notice of Appeal Issue

Appellants admitted during oral argument the mistake in their brief relating to which petition was before the trial court at the time of the summary judgment orders that ended this case. The live pleading was their 8th Amended Original Petition, as leave to file the 9th Amended Petition was specifically denied by the trial court and no error was raised from that decision. Appellants' briefs did not raise an issue that there were any matters in the 8th Amended Petition that were not decided by the summary judgment motions, only that there were matters in the proposed 9th Petition that had not been. At oral argument, Appellants suggested – for the first time -- that a single warning claim in the 8th Amended Petition had not been addressed by the dual summary judgment orders. Specifically, even though the trial court had granted summary judgment on the purported design defect involving nylon overlay claim, there had been no ruling on the "failure to warn" about that non-existent defect. In oral argument and in their letter brief Appellants essentially urge that it was not clear that the second summary judgment had resolved all of the issues That argument is belied by the trial courts own words which specifically indicate that all issues had already been dealt with by virtue of the two orders  (…"it further appearing that those two orders, collectively, dispose of all claims and parties before the Court…").

In any event, Chief Justice Marion's question during oral argument was perceptive, as Appellants do not explain how their "failure to warn" claim supposedly survived the

{03451564.DOC / }

dismissal of the design defect claim on which it was based. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex.2000) (holding that failure of a claim for breach of contract necessarily defeated claim for breach of fiduciary duty that depended on breach of contract); *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, (Tex. 2001)(summary judgment motion encompassed dependent claims, and summary judgment on fraud issues necessarily disposed of conspiracy and aiding and abetting claims based on those fraud claims.) It would have been one thing if the supposedly live warning claim dealt with a different issue, as with the marketing claim that was decided as a part of the June 2 order. As it was completely dependent on the supposed "defect" of the lack of a nylon overlay, however, there was nothing left for the trial court to address on the warning issue once the design defect claim was addressed.

Appellants cite to this Court's opinion in *Castle & Cook Mortgage, LLC v. Diamond T. Ranch Dev., Inc.*, 330 S.W.3d 684 (Tex. App. – San Antonio 2010, no pet), but the language used by this Court in that case is telling. Specifically, this Court noted that "the law does not require that a final judgment be in any particular form" thus, "whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id.* at 687, citing *Lehmann v. Har-Con Corp*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment that "finally disposes of all remaining parties and claims, *based on the record of the case*, is final, regardless of its language." *Id. (emphasis added)*. The "record in this case," by the trial court's own words, show that the previous orders had determined all of the issues between the parties. This distinguishes the present case from all of the other authorities cited by Appellants on this issue. Moreover, in *Woosley v. Smith* –as here -- this Court was faced with two orders that "merged" to create a final order.

> Where an interlocutory order is entered disposing of the interests of less than all parties and claims, that order does not become final until a subsequent order is entered disposing of the remaining parties and claims. [citations omitted]. Once an order has been entered disposing of all remaining parties and issues, all the orders merge, creating a final and appealable judgment.

> As such, when the second decree was entered in the present case, it did not render the previous decree void as appellant contends. Rather, it operated to make an interlocutory judgment final. In other words, the decree that terminated the rights of the biological parents was brought forward and, by implication, merged with the decree terminating the rights of the presumed father, the last interested party in the proceeding. [citation omitted] At that point, the entire termination proceeding became final. The resulting final judgment gave effect to all of its components, including the termination of appellant's parental rights

*See Woosley v. Smith*, 925 S.W.2d 84, 87 (Tex. App. – San Antonio 1996, no pet). That is *exactly* what happened here. The second summary judgment order merged into the first one and made them both final. As there was admittedly no timely appeal from the July 11 order, the Court does not appear to have jurisdiction.

### *Issues related to the Merits*

Contrary to the implication in Appellants' letter brief, *Gharda USA, Inc. v. Control Solutions, Inc.,* 2015 WL 2148058 (Tex. May 8, 2015) deals with some of the same issues as in this case. For instance, the Court made quite clear that where a plaintiff's causation theory is complex it has to have expert testimony to support it. *See Gharda* at *5. Although, this is nothing "new" in either tire litigation or marketing defect claims under *Cooper v Mendez* and *Goodyear v. Rios,*[1] the *Gharda* case shows how carefully the Supreme Court continues to guard against improper expert testimony. In *Gharda*, the trial court had found the experts unreliable, but the court of appeals reversed. The Supreme Court, however, found that the trial court had not abused its discretion and reaffirmed several important issues regarding experts that also apply here. First, the court stressed that experts have to deal in probabilities, not possibilities. *Id.* at *6. Second, it said that the *Robinson* factors should be used to determine whether "each part" of an expert's opinion are reliable. *Id.* Finally, it noted that the "analytical gap" can occur when the expert unreasonably applies otherwise sound principles, assumes incorrect facts, or bases an opinion on tests or data that do not support the conclusions reached. Appellants' expert Worhrle falls afoul of each of these issues here.

Regardless of how he says it, Woehrle's theories are possibilities, not probabilities. He can meet *none* of the six *Robinson* factors. His theories are subjective, there was no testing of them, no publications or peer review to support him, and his theories are actually rejected by the relevant scientific community. His opinions were developed solely for litigation purposes, and they have no rate of error. In the end, all Worhrle presented was his subjective opinion, which the trial court was not obligated to accept as reliable, and which *Gharda* has again confirmed is not enough.

As Goodyear noted in oral argument, Appellants' arguments were essentially "look at what we presented. The trial court should have ruled in our favor." That is not the standard. Appellants have to show that the trial court "could only have" ruled in their favor in order to prevail. In other words, they have to show that there was not a single legitimate reason for the trial court's excluding Woerhle. They cannot do that here because there were numerous reasons the trial court could have properly concluded that Woerhle's testimony was unreliable. For example, it could have done so for the same reasons expressed in the *Ho* case. On that point, the Court should remember that the *Henderson* case cited in Appellants' reply brief is of no import, as it specifically was not a ruling in Woerhle's favor as claimed. *See Henderson* at *8 (court noting that it could actually make no finding on Woerhle because the parties had not yet conducted a Daubert hearing).

---

[1] The Court should note Woehrle's previous testimony, cited at length and ruled upon in *Ho*, admitting that he was not an expert on warnings. As correctly pointed out by the Court here during oral argument, Plaintiff must have expert testimony to support a warnings theory in a tire case. *See Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 118 (Tex. App. – San Antonio 2004, pet. denied)

It could also not be an abuse of discretion where Worhrle had repeatedly been forced to admit he was not an expert on the very issues upon which he sought to testify.[2] Finally, the trial court could have found his opinions unreliable because all he had was a "bald assurance" regarding his previous testing experience because of his confidentially agreements with his former employer.

In *Gharda*, the Supreme Court closely examined the four experts who testified and concluded that the experts' "factual foundation never materialized" regarding the origin of the fire in that case. This is legally indistinguishable from the situation here, as Woehrle was never able to provide testimony that the nylon overlay would have prevented *this* tire from separating under the circumstances of *this* accident. In other words, Woehrle's ultimate testimony that a nylon overlay makes a tire "more robust" does not provide the necessary foundation for a reliable conclusion of defect. This is especially true in light of his admissions that tires with nylon overlays also experience tread separations and that the absence of a nylon overlay is not necessarily a design defect.

Therefore, even if the court has jurisdiction, the trial court did not clearly abuse its discretion in excluding Woerhle's testimony. As such, it also did not err in granting the summary judgments, and the trial court's ruling should be affirmed in all things.

Very truly yours,

James M. "Jamie" Parker, Jr.

J. Michael Myers

cc:    Bill Neumann (by fax)

---

[2] Numerous cases have upheld the exclusion of an expert based at least partially on the admission of lack of expertise. See e.g., Walker v. Rangel, 2009 WL 4342505, at *6 (Tex. App.--Houston [14th Dist.] 2009, no pet) ("Finally, Officer Woods admitted he is not an accident reconstruction expert. In light of this testimony, we conclude the trial court abused its discretion by overruling Walker's qualification objection."); Piper v. Edwards, 2006 WL 561778, at *3 (Tex. App.--Houston [14th Dist.] 2006, no pet.) (expert testified he was "not an expert" on matter to which he testified; his testimony was therefore inadmissible and trial court "erred in relying upon it"); Pilgrim's Pride Corp. v. Smoak, 134 S.W.3d 880, 892 (Tex. App.--Texarkana 2004, pet. denied) ("[Officer] Penny testified he was not qualified to give an expert opinion on accident reconstruction .... Penny, therefore, was not qualified to offer his opinion on whose negligence caused the accident."); Lewis, M.D. v. Hunter, 2002 WL 531484, at *2 (Tex. App.--Dallas 2002, pet. denied) (trial court properly excluded expert testimony because expert "neither considered himself nor held himself out to be an expert" in the pertinent field).